UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-23583-CIV-WILLIAMS

DONALD C. SERDEN,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD, d/b/a
NORWEGIAN CRUISE LINE,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant NCL (Bahamas) Ltd.'s motion to dismiss (DE 6), to which Plaintiff filed a response in opposition (DE 7), and Defendant filed a reply (DE 8).

Plaintiff Donald Serden fractured his left ankle when he slipped on "a wet surface" of the "Haven area" on deck 14 of the Norwegian Jewel cruise ship. (DE 1 ¶ 7). NCL, Plaintiff asserts, was negligent in failing to keep its ship in a reasonably safe condition, in creating a hazardous condition, and by failing to warn Plaintiff of the wet surface. (DE 1 ¶ 10). Plaintiff further alleges that NCL had "actual or constructive notice" of the hazard. (DE 1 ¶ 10).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise

1

a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007).

Plaintiff alleges a single count of negligence. To state a negligence claim, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). Plaintiff has minimally satisfied the pleading standards.

Accordingly, Defendant's motion (DE 6) is **DENIED**. Defendant shall file an answer by **January 28, 2016**. Lastly, the Court commends Chief Justice Robert's recent remarks to counsel for both Plaintiff and Defendant. *See* Chief Justice's 2015 Year-End Report on the Federal Judiciary, available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf. The Court has permitted Plaintiff to proceed on a narrowly pleaded claim of negligence and the Court expects the Parties to litigate with "the common-sense concept of proportionality" in mind. *Id.*

**DONE AND ORDERED** in chambers in Miami, Florida, this 14th day of January, 2016.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE